Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2016 09:07 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Maynard H. Weinberg, respondent.
___ N.W.2d ___

Filed July 22, 2016.    No. S-16-266.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Maynard H. Weinberg, respondent, on May 17, 2016. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on June 24, 1966. At all relevant times, he was engaged in the practice of law in Omaha, Nebraska.

On March 9, 2016, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent. With respect to the one count, the formal charges state that in July 2012, respondent was retained by a client in an employment matter. Respondent and the client mutually

- 290 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. WEINBERG
Cite as 294 Neb. 289

agreed to a fee of $100 per hour, and this rate was never rene-gotiated during the pendency of the matter.

In late September 2012, the matter was transferred to another attorney for primary representation (the primary attorney), but respondent continued to provide some legal services to the client, and respondent billed the client for his individual services. Between July 2012 and December 2013, respondent billed the client for 147.5 hours of work at $100 per hour and $209.20 in expenses. The client timely paid all of the billing, in the amount of $14,959.70.

In December 2013, a hearing was held in the client's case in the district court for Lancaster County, and attorney fees were addressed. On February 7, 2014, the district court issued an order which awarded attorney fees for respondent in the amount of 20.25 hours of work at $175 per hour and 4 hours of work at $100 per hour, which, according to the formal charges, totaled $3,943.74. These attorney fees were awarded to the client as partial reimbursement of the fees that the client had previously paid to respondent.

Between February 2014 and February 2015, respondent billed the client for 84 hours of work at $100 per hour for appellate work in the client's case. The client timely paid all of the billing, in the amount of $8,400.

On March 20, 2015, an opinion issued by this court awarded attorney fees to the client in the amount of $7,938. The award of attorney fees in the amount of $7,938 was for both of the client's attorneys, respondent and the primary attorney. This court remanded the matter to the district court with directions to divide the $7,938 between the two attorneys.

The defendant from the client's case issued two separate checks in the amounts of $3,943.74 and $7,938, and both checks were issued in the name of respondent and the primary attorney. The primary attorney waived any additional payment out of either of the two checks, because he had been paid in full by the client for all billed legal services.

The primary attorney endorsed the two checks and remitted them to respondent. Respondent deposited both checks in his trust account.

On March 20, 2015, respondent sent a letter to the client, asking permission to receive the additional funds of $3,943.74 and $7,938, totaling $11,881.74, to reimburse respondent for the difference between the $100 per hour charged to the client and the $175 per hour he would normally charge for that type of work. The client declined respondent's request to renegotiate their fee arrangement. Despite repeated requests from the client, respondent did not disburse the fees to the client.

On May 15, 2015, the client filed a grievance against respondent, alleging that respondent was improperly withholding the client's funds in an attempt to force him to accept a renegotiated fee for services previously rendered. In his response to the grievance, respondent asserted that he was entitled to the full amount of $11,881.74 because the courts had awarded these amounts as attorney fees. On February 10, 2016, after investigation by the Counsel for Discipline, respondent paid the full amount of $11,881.74 to the client.

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.5(a) and (b) (fees), 3-501.15(d) (safekeeping property), and 3-508.4(a) (misconduct).

On May 17, 2016, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.5(a) and (b), 3-501.15(d), and 3-508.4(a). In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in exchange for a public reprimand.

- 292 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
294 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. WEINBERG
Cite as 294 Neb. 289

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.5(a) and (b), 3-501.15(d), and 3-508.4(a) and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings

- 293 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
294 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. WEINBERG
Cite as 294 Neb. 289

against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.